UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KET HAWKINGS III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY DEPARTMENT OF CHILD AND FAMILY ADULT SERVICES,<br><br>　　　　Defendant. | No. 2:20-cv-0156 JAM DB PS<br><br>ORDER DIRECTING CLERK TO SEND MATERIALS FOR SERVICE AND REQUIRING SERVICE BY UNITED STATES MARSHAL |

Plaintiff Ket Hawkings III is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complain about a state court child custody proceeding. The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Here, plaintiff's complaint alleges that plaintiff's rights under the Indian Child Welfare Act, ("ICWA"), 25 U.S.C. § 1901, *et seq.*, were violated as the result of state court child custody proceedings. "The purpose of ICWA was to rectify state agency and court actions that resulted in the removal of Indian children from their Indian communities and heritage." Doe v. Mann, 415

1  F.3d 1038, 1047 (9th Cir. 2005).  In this regard, the ICWA places certain requirements on state
2  court child custody proceedings concerning Indian children.  For example:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f).  Additionally, "indigent Indians . . . are entitled to counsel who can effectively represent their interests."  Doe v. Mann, 285 F.Supp.2d 1229, 1240 (N.D. Cal. 2003).  To enforce these protections 25 U.S.C. "§ 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of §§ 1911, 1912, or 1913" of the ICWA.  Mann, 415 F.3d at 1047.

Here, the complaint alleges that prior to "terminating Plaintiff's parental rights the Trial Court failed to take into consideration that Plaintiff's children were of Indian Decent" and that plaintiff received ineffective assistance of counsel.  (Compl. (ECF No. 1) at 7-8.)  For purposes of screening, the undersigned finds that the complaint states a claim for the violation of the ICWA.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 22, 2020 motion to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 form for each defendant, a summons form, and an endorsed copy of plaintiff's complaint filed January 22, 2020.  (ECF No. 1.)

3. Within sixty (60) days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

        a. One completed summons;

        b. One completed USM-285 form;

        c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

        d. One copy of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within 90 days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within twenty (20) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty (60) days after receiving the necessary materials from plaintiff the United States Marshal is directed to serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: April 27, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/hawkins0156.serve.ord