1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KET HAWKINGS III,                        No.  2:20-cv-0156 JAM DB PS

12                  Plaintiff,

13         v.                                  ORDER

14   SACRAMENTO COUNTY
     DEPARTMENT OF CHILD AND
15   FAMILY ADULT SERVICES,

16                  Defendant.

17

18         Plaintiff Ket Hawkings III is proceeding in this action pro se.  This matter was referred to

19   the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned is defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal

21   Rules of Civil Procedure and plaintiff's motion for the appointment of counsel.  (ECF Nos. 15 &

22   20.)  For the reasons stated below, plaintiff is granted leave to file an amended complaint,

23   defendant's motion to dismiss is denied without prejudice to renewal, and plaintiff's motion for

24   the appointment of counsel is denied.

25                                  **BACKGROUND**

26         Plaintiff, proceeding pro se, commenced this action on January 22, 2020, by filing a

27   complaint and a motion to proceed in forma pauperis.  (ECF Nos. 1 &2.)  The complaint alleges

28   that plaintiff's rights under the Indian Child Welfare Act, ("ICWA"), 25 U.S.C. § 1901, *et seq.*,

                                              1

were violated as the result of state court child custody proceedings.  The undersigned granted

plaintiff's request to proceed in forma pauperis on April 28, 2020.  (ECF No. 3.)

After a delay in effecting service, defendant filed the pending motion to dismiss on July 8,

2021.  (ECF No. 15.)  Plaintiff filed an opposition on August 16, 2021, as well as a motion to

appoint counsel.  (ECF Nos. 19 & 20.)  Defendant filed a reply on September 17, 2021.  (ECF

No. 24.)  Defendant's motion was taken under submission on September 20, 2021.  (ECF No. 26.)

**STANDARD**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that

the allegations of jurisdiction contained in the complaint are insufficient on their face to

demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

(9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

evidence beyond the complaint without converting the motion to dismiss into a motion for

summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

1    at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

2    evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

3    jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

4    12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

5    of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

6                                                    **ANALYSIS**

7    **I.       Defendant's Motion to Dismiss**

8             "The purpose of ICWA was to rectify state agency and court actions that resulted in the

9    removal of Indian children from their Indian communities and heritage."  Doe v. Mann, 415 F.3d

10   1038, 1047 (9th Cir. 2005).  In this regard, the ICWA places certain requirements on state court

11   child custody proceedings concerning Indian children.  For example:

12                    No termination of parental rights may be ordered in such proceeding
                      in the absence of a determination, supported by evidence beyond a
13                    reasonable doubt, including testimony of qualified expert witnesses,
                      that the continued custody of the child by the parent or Indian
14                    custodian is likely to result in serious emotional or physical damage
                      to the child.
15

16   25 U.S.C. § 1912(f).  Additionally, "indigent Indians . . .  are entitled to counsel who can

17   effectively represent their interests."  Doe v. Mann, 285 F.Supp.2d 1229, 1240 (N.D. Cal. 2003).

18            To enforce these protections 25 U.S.C. "§ 1914 provides the federal courts authority to

19   invalidate a state court foster care placement or termination of parental rights if it is in violation

20   of §§ 1911, 1912, or 1913" of the ICWA.  Mann, 415 F.3d at 1047; see also 25 U.S.C. § 1914

21   ("any parent or Indian custodian from whose custody such child was removed . . . may petition

22   any court of competent jurisdiction to invalidate such action upon a showing that such action

23   violated any provision of sections 1911, 1912, and 1913 of this title").

24            Here, the complaint alleges that the trial court failed to meet the IWCA's evidentiary

25   standard and failed to provide plaintiff effective representation.  (Compl. (ECF No. 1) at 6.)

26   Defendant's motion to dismiss argues that plaintiff's claims should be dismissed pursuant to res

27   judicata, the Full Faith and Credit Act, and Younger abstention.  (Def.'s MTD (ECF No. 15-1) at

28   3-7.)  Defendant acknowledges that the Ninth Circuit has not addressed the application of these

doctrines to the ICWA but urges the court to follow authority from the Tenth Circuit, relying

primarily on the unpublished case <u>Yancey v. Thomas</u>, 441 Fed.Appx. 552 (10th Cir. 2011).

Defendant's motion twice states that:

> . . . [t]he Tenth Circuit is the only court to have issued rulings on the interplay between § 1914 of ICWA and the Full Faith and Credit Act in 28 U.S.C. § 1738, and the applicability of res judicata to state court child custody proceedings and termination of parental rights. There is no precedent on this issue in the Eighth Circuit.

(<u>Id.</u> at 3-4.)

In referencing the Eighth Circuit it appears defendant's motion may have been intending

to quote the case <u>Jumping Eagle v. Warren</u>, CIV 18-4131, 2021 WL 462644, (D. S.D. Feb. 9,

2021), and unintentionally left off the citation. These errors happen. The <u>Jumping Eagle</u> case,

however, is quite instructive. In this regard, in the very next sentence from the above quote the

court in <u>Jumping Eagle</u> acknowledges the important principle that "[t]his Court is not bound to

apply the law of another circuit." <u>Id.</u> at *9.

The <u>Jumping Eagle</u> court went on to conclude that § 1914 of the ICWA "is an implied

exception to the Full Faith and Credit Act[.]" <u>Id.</u> The court addressed the authority from the

Tenth Circuit, relied upon by defendant here, stating, "[t]o the extent that the Tenth Circuit holds

that federal courts are always precluded by full faith and credit and res judicata from reviewing

any and all alleged violations of ICWA, this Court is unpersuaded." <u>Id.</u>

Moreover, there is an important distinction between the Tenth Circuit authority relied

upon by defendant and this action. In this regard, the cases from the Tenth Circuit relied upon by

defendant stand for the proposition that a party may not bring a claim pursuant to the ICWA "'in

federal district court after it has lost in state court following full consideration, briefing, and

argument on the identical issue of fact and law relating to jurisdiction to terminate parental

rights.'" <u>Yancey</u>, 441 Fed. Appx. at 558 (quoting <u>Comanche Indian Tribe of Oklahoma v. Hovis</u>,

53 F.3d 298, 304 (10th Cir. 1995)); <u>see</u> <u>also</u> <u>Kiowa Tribe of Oklahoma v. Lewis</u>, 777 F.2d 587,

592 (10th Cir. 1985) (affirming dismissal of IWCA claim on preclusion grounds because Tribe

had "full consideration, briefing, and argument, it lost" in state court); <u>Doe v. Mann</u>, 285

F.Supp.2d 1229, 1234-35 (N.D. Cal. 2003) ("in those cases, the plaintiff tribes had fully litigated

the issues in front of a state court, lost, and then tried to have another 'bite at the apple' in federal court").

Here, in contrast, plaintiff is alleging that the state trial court "failed to address Plaintiff's Indian Heritage" and "failed to take into consideration that Plaintiff's children were of Indian decent[.]" (Compl. (ECF No. 1) at 7.)  Defendant argues that plaintiff's ICWA claim was fully considered by the state court because plaintiff's appointed counsel filed a "<u>Phoenix H.</u> brief" on appeal and the California Court of Appeal denied plaintiff's request to file a supplemental brief. (Def.'s Reply (ECF No. 24) at 4.)

In <u>In re Phoenix H.</u>, the California Supreme Court held that "[c]ounsel appointed to represent an indigent parent on appeal from a ruling affecting parental rights does not have an obligation to challenge the judgment if there is no colorable basis for such a challenge" and that "[i]f appointed counsel has determined there is no arguable basis for challenging the judgment, the Court of Appeal is not required to permit the parent to personally file a brief unless the parent can establish good cause by showing that an arguable issue does, in fact, exist."  <u>Id.</u> at 845.

One of plaintiff's arguments, however, is that the appointed counsel who could find no colorable basis to challenge the state court decision was ineffective.  As acknowledged by defendant's motion "[p]laintiff and child both should have been represented by independent counsel at the hearing and these issues concerning ICWA raised and addressed," and yet plaintiff is alleging that "these issues pertaining to ICWA were never raised at any time prior to the trial court rendering its decision and final judgment on the merits."  (Def.'s MTD (ECF No. 15-1) at 3.)  In this regard, the undersigned finds defendant's argument that plaintiff's claims were fully briefed, argued, and considered unpersuasive.

Nonetheless, defendant also argues that the complaint has asserted "no claims for relief against the County."  (<u>Id.</u> at 9.)  Instead, plaintiff's claims appear "to be directed at the court, as well as counsel who represented Plaintiff in the termination of parental rights proceedings."  (<u>Id.</u>)  In this regard, it appears plaintiff may have named the wrong defendant in this action and/or must amend the complaint's allegations.  <u>See generally</u> <u>Oglala Sioux Tribe v. Fleming</u>, 904 F.3d 603, 608 (8th Cir. 2018) ("The defendant officials are the Secretary of the South Dakota Department

of Social Services and the head of Child Protective Services for Pennington County . . . the

State's Attorney for Pennington County, and the presiding judge of the Seventh Judicial Circuit

Court of the State of South Dakota, all in their official capacities"); Mann, 285 F.Supp.2d at 1230

("Plaintiff . . . brings an action against defendants Arthur Mann and Robert L. Crone, Jr. in their

official capacity as California Superior Court judges, Lake County Superior Court's Juvenile

Division, Mr. and Mrs. D., and the Department of Social Services of Lake County").

**II.     Leave to Amend**

        For the reasons stated above, the undersigned finds that plaintiff should be granted leave

to amend.  Plaintiff is cautioned, however, that if plaintiff elect to file an amended complaint "the

tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While

legal conclusions can provide the complaint's framework, they must be supported by factual

allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from

conceivable to plausible[.]" Id. at 680 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

557 (2007)).

        Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

in itself without reference to prior pleadings.  The amended complaint will supersede the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

and identified in the body of the complaint, and each claim and the involvement of each

defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

must also include concise but complete factual allegations describing the conduct and events

which underlie plaintiff's claims.

**III.    Plaintiff's Motion to Appoint Counsel**

        Plaintiff is informed that federal district courts lack authority to require counsel to

represent indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S.

6

1    296, 298 (1989).  The court may request the voluntary assistance of counsel under the federal in

2    forma pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1);

3    Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

4    1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the

5    plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her

6    claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718

7    F.2d 952, 954 (9th Cir. 1983).

8         Here, plaintiff has been granted leave to file an amended complaint.  Thus, at this stage of

9    the proceedings, the undersigned finds that plaintiff's likelihood of success on the merits and

10   ability to articulate claims does not satisfy the test for exceptional circumstances.  Accordingly,

11   plaintiff's request for the appointment of counsel will be denied.

12                                      **CONCLUSION**

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's January 22, 2020 complaint (ECF No. 1) is dismissed with leave to amend;

15        2.  Defendant's July 8, 2021 motion to dismiss (ECF No. 15) is denied without prejudice

16   as having been rendered moot;

17        3.  Within twenty-eight days from the date of this order, an amended complaint shall be

18   filed that cures the defects noted in this order and complies with the Federal Rules of Civil

19   Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case number

20   assigned to this action and must be titled "Amended Complaint";

21        4.  Plaintiff's August 16, 2021 motion to appoint counsel (ECF No. 20) is denied; and

22   ////

23   ////

24   ////

25   ////

26   ////

27   _____

28   [1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of
     voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: January 5, 2022

DLB:6
DB\orders\orders.pro se\hawkins0156.mtd.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8