UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KET HAWKINGS III, | No. 2:20-cv-0156 TLN DB PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD AND FAMILY ADULT SERVICES, | |
| Defendant. | |

Plaintiff Ket Hawkings III is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 31.) For the reasons stated below, defendants' motion to dismiss is granted and plaintiff is granted leave to file a second amended complaint.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on January 22, 2020, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff is proceeding on a second amended complaint alleging that plaintiff's rights under the Indian Child Welfare Act, ("ICWA"), 25 U.S.C. § 1901, *et seq.*, were violated as the result of state court child custody

proceeding allowing the adoption of plaintiff's children. On February 17, 2022, defendants Michelle Callejas, Jeff King, Dorothy Gibson, Joanne East, and Shaunna Buono filed the pending motion to dismiss. (ECF No. 31.) Plaintiff filed an opposition on March 3, 2022. (ECF No. 33.) Defendants filed a reply on March 8, 2022. (ECF No. 34.) Defendants' motion was taken under submission on March 15, 2022. (ECF No. 35.)

## STANDARD

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any

evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**ANALYSIS**

The amended complaint repeatedly asserts that the named defendants violated plaintiff's "constitutional rights under the [IWCA]" by proceeding with "the adoption process of plaintiff's children . . . without consider the [IWCA.]" (Am. Compl. (ECF No. 28) at 2-3.) The Rooker-Feldman doctrine typically bars federal courts from exercising subject-matter jurisdiction over an action in "which a party losing in state court" seeks "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). However, "[t]he purpose of ICWA was to rectify state agency and court actions that resulted in the removal of Indian children from their Indian communities and heritage." Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005).

In this regard, the ICWA places certain requirements on state court child custody proceedings concerning Indian children. For example:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f). Additionally, "indigent Indians . . . are entitled to counsel who can effectively represent their interests." Doe v. Mann, 285 F.Supp.2d 1229, 1240 (N.D. Cal. 2003).

To enforce these protections 25 U.S.C. "§ 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of §§ 1911, 1912, or 1913" of the ICWA. Mann, 415 F.3d at 1047; see also 25 U.S.C. § 1914 ("any parent or Indian custodian from whose custody such child was removed . . . may petition

////

any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title").

Defendants' motion to dismiss argues, in relevant part, that "there is no 'Indian Child'" at issue in this action and, therefore, "this court has no jurisdiction under § 1914[.]" (Defs.' MTD (ECF No. 31-1) at 3.) Review of the amended complaint finds that although it repeatedly alleges that the defendants violated the ICWA, the amended complaint fails to contain allegations establishing that the ICWA is at issue.

In this regard, the ICWA applies to an "Indian child," which is defined as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). The amended complaint does not contain factual allegations establishing that plaintiff's children are members of an Indian tribe <u>or</u> are eligible for membership in an Indian tribe <u>and</u> the biological children of a member of an Indian tribe.

In opposing defendants' motion plaintiff argues that the "Trial Court" should have known that the ICWA applied because plaintiff's grandmother was "a full blooded Indian and resident of the Confederated Tribes of Umatilla Indians." (Pl.'s Opp.'n (ECF No. 33) at 2.) Those allegations are not found in the amended complaint. And even if they were, they do not establish that plaintiff's children are either a member of an Indian tribe or the biological child of a member of an Indian tribe.[1] Accordingly, defendants' motion to dismiss must be granted.[2]

---

[1] Defendants' motions asserts that the state court "sent the proper requests to the proper tribes" and that "[t]hose tribes responded, indicating Plaintiff's children were not 'Indian Children.'" (Defs.' MTD (ECF No. 31-1) at 8.)

[2] Analysis of plaintiff's claims and defendants' motion would be greatly aided by review of the state court proceedings. Defendants' motion asserts that California Welfare and Institution Code § 827 provides safeguards for accessing juvenile court records which limits the information defendants can obtain. (Defs. MTD (ECF No. 31-1) at 6.) Defendants asks the court to obtain those records. (Id. at 4.) The parties should meet and confer to determine if they can agree on a resolution or stipulation to obtain the information. See Giannini v. Cnty. of Sacramento, No. 2:21-cv-0581 KJN PS, 2022 WL 3083935, at *2 (E.D. Cal. Aug. 3, 2022) ("It appears that the County only possesses the juvenile case files by virtue of the Juvenile Court's March 7, 2022 orders granting defense counsel Mr. Fessenden's Section 827 petitions for access."); Cal. Wel. & Inst. § 827(a)(1)(D) (stating case file may be inspected by "minor's parent or guardian"). If the

## II.     Leave to Amend

The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the above analysis, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile.  Plaintiff's amended complaint will be dismissed and plaintiff will be granted leave to file a second amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in the second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also

////

---

parties are unable to obtain the information, defendants may separately notice a motion seeking a court order.

include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 17, 2022 motion to dismiss (ECF No. 31) is granted;

2. The amended complaint filed on February 2, 2022 (ECF No. 28) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint"; and

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: August 11, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\hawkins0156.mtd2.ord

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.