UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KET HAWKINGS III, | No. 2:20-cv-0156 DAD DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD AND FAMILY ADULT SERVICES, | |
| Defendant. | |

Plaintiff Ket Hawkings III is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss the second amended complaint pursuant to Rules 12(b)(1) and 12(b)6) of the Federal Rules of Civil Procedure. (ECF No. 41.) For the reasons stated below, the undersigned recommends that defendants' motion to dismiss be granted and the second amended complaint be dismissed without further leave to amend.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on January 22, 2020, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff is proceeding on a second amended complaint alleging that plaintiff's rights under the Indian Child Welfare Act, ("ICWA"), 25 U.S.C. § 1901, *et seq.*, were violated as the result of actions by defendant

employees of the Sacramento County Department of Child and Adult Services during state court child custody proceedings involving plaintiff's children. On September 13, 2022, defendants Michelle Callejas, Jeff King, Dorothy Gipson, Joanne East, and Shaunna Buono filed the pending motion to dismiss. (ECF No. 41.) Plaintiff filed an opposition on September 28, 2022. (ECF No. 45.) Defendants filed a reply on October 10, 2022. (ECF No. 46.) Plaintiff filed a sur-reply on October 14, 2022.[1] (ECF No. 47.) Defendants' motion was taken under submission on October 25, 2022. (ECF No. 48.)

**STANDARD**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review

---

[1] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See Fed. R. Civ. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has considered the sur-reply in evaluating defendants' motion to dismiss.

evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## II. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

////

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

The second amended complaint repeatedly alleges that the defendants, in their official capacities, initiated and/or authorized "the adoption process of Plaintiff[']s children . . . without considering the ICWA Laws[.]" (Sec. Am. Compl. (ECF No. 40) at 2-3.) The second amended complaint seeks, in relevant part, an order from this court rescinding "the State Court Order termination [of] Plaintiff's Parental rights[.]" (Id. at 9.)

The Rooker-Feldman doctrine typically bars federal courts from exercising subject-matter jurisdiction over an action in "which a party losing in state court" seeks "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). However, "[t]he purpose of ICWA was to rectify state agency and court actions that resulted in the removal of Indian children from their Indian communities and heritage." Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005).

////

In this regard, the ICWA places certain requirements on state court child custody proceedings concerning Indian children. For example:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f). Additionally, "indigent Indians . . . are entitled to counsel who can effectively represent their interests." Doe v. Mann, 285 F.Supp.2d 1229, 1240 (N.D. Cal. 2003).

To enforce these protections 25 U.S.C. "§ 1914 provides the federal courts authority to invalidate a state court foster care placement or termination of parental rights if it is in violation of §§ 1911, 1912, or 1913" of the ICWA. Mann, 415 F.3d at 1047; see also 25 U.S.C. § 1914 ("any parent or Indian custodian from whose custody such child was removed . . . may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title").

However, as plaintiff has been repeatedly advised, the ICWA applies only to an "Indian child," which is defined as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). The second amended complaint does not contain factual allegations establishing that plaintiff's children are members of an Indian tribe or are eligible for membership in an Indian tribe and are the biological children of a member of an Indian tribe.

Instead, the second amended complaint alleges that plaintiff "and his children is of Indian descent, [and] is eligible for membership in an Indian tribe," because plaintiff's grandmother "was a Walla Walla Indian and a member of the Confederated Tribe of Umatilla Indians." (Sec. Am. Compl. (ECF No. 40) at 4-5.) In the sur-reply plaintiff argues that "[f]rom the quantum of the Indian Blood Plaintiff children have in their genes qualify them for eligible membership in an Indian tribe[.]" (Sur. Reply (ECF No. 47) at 2.) Assuming *arguendo* that this is true, that does not satisfy the requirements of the ICWA.

5

1   In this regard, it is not enough for plaintiff's grandmother to have been a tribal member or
2   plaintiff's children to have "Indian Blood."  Put plainly, in order for the ICWA to apply either
3   plaintiff's children must already be members of an Indian tribe or plaintiff must be a member of
4   an Indian tribe.  See generally Esquivel v. Fresno Cnty. Department of Social Services, Case No.
5   1:22-cv-0001 EPG, 2022 WL 17343869, at *7 (E.D. Cal. Nov. 30, 2022) ("Plaintiff's father's
6   potential eligibility for tribal membership does not render the minors at issue Indian children
7   within the meaning of ICWA, because the parent must be 'a member of an Indian tribe' – not
8   merely eligible for membership.").

9   The second amended complaint also alleges in a vague and conclusory manner "that the
10  protection of the ICWA must be expanded in the present case, such as expanding the definition of
11  an Indian child."  (Sec. Am. Compl. (ECF No. 40) at 4-5.)  The second amended complaint refers
12  to no authority permitting the Court to undertake such action nor is the undersigned aware of any
13  such authority.

14  Accordingly, the undersigned finds that defendants' motion to dismiss should be granted.

## II.     Further Leave to Amend

16  The undersigned has carefully considered whether plaintiff could further amend the
17  complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to
18  amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
19  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake
20  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
21  while leave to amend shall be freely given, the court does not have to allow futile amendments).

22  In light of the deficiencies noted above and plaintiff's repeated inability to cure those
23  defects, the undersigned finds that granting plaintiff further leave to amended would be futile.
24  ////
25  ////
26  ////
27  ////
28  ////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' September 13, 2022 motion to dismiss (ECF No. 41) be granted;

2. The second amended complaint filed on August 30, 2022 (ECF No. 40) be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 19, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\hawkins0156.mtd3.f&rs